IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00302-REB-MEH

SHERRI LAFORCE,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., and
ANNA MARIA PETERS-RUDDICK, as Public Trustee for Arapahoe County, Colorado,

    Defendants.

## RECOMMENDATION TO STRIKE AMENDED COMPLAINT

**Michael E. Hegarty, United States Magistrate Judge**.

This matter comes before the Court *sua sponte*. Based upon Plaintiff's failure to comply with Fed. R. Civ. P. 15(a), the Court recommends that Plaintiff's Amended Complaint [docket #15] be **stricken**.[1]

On February 23, 2010, the Plaintiff filed an "Amendment to Suit to Stop Unlawful

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Foreclosure," which appears to be an amended complaint. Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendant Peters-Ruddick filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5) on January 28, 2010, and Defendant Wells Fargo filed an Answer on February 18, 2010. Because Plaintiff filed her amended complaint <u>26</u> days after the motion to dismiss was filed (which is the earlier of the two responsive pleadings), this Court recommends finding that Plaintiff has failed to comply with Fed. R. Civ. P. 15(a)(1).[2] If the Plaintiff wishes to amend her complaint, she must seek to do so in accordance with Fed. R. Civ. P. 15(a)(2).

Based on the foregoing, and the entire record provided to the Court, I do hereby RECOMMEND that the District Court **strike** Plaintiff's "Amendment to Suit to Stop Unlawful Foreclosure" [<u>filed February 23, 2010; docket #15</u>] for failure to comply with Fed. R. Civ. P. 15(a)(1).

Dated at Denver, Colorado, this 2nd day of March, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2]The 2009 Advisory Committee Notes to Fed. R. Civ. P. 15 provide: "The 21-day periods to amend once as a matter course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."