IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00302-REB-MEH

SHERRIE LAFORCE,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., and
ANNA MARIA PETERS-RUDDICK, as Public Trustee for Arapahoe County, Colorado,

    Defendants.
_____

**RECOMMENDATION ON MOTION TO DISMISS**
_____

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is a Motion to Dismiss filed by Defendant Anna Maria Peters-Ruddick [filed January 28, 2010; docket #3]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion has been referred to this Court for recommendation. The matter is briefed and the Court finds that oral argument will not assist in the adjudication of the motion. The Court recommends that, for the reasons stated herein, the motion be **granted** for failure to state a claim.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## BACKGROUND

This *pro se* action was removed from Arapahoe County District Court on February 12, 2010. Plaintiff alleges generally that Defendants do not have authority to foreclose on her property because, as she contends, they are not the actual holders of the original note and, therefore, are not entitled to collect on the debt. (*See* docket #1-3.) Plaintiff alleges violations of the Uniform Commercial Code ("UCC"), the Fair Debt Collection Practices Act ("FDCPA"), and the "Deceptive Trade Practices Consumer Protection Act." (Docket #1-2.) Plaintiff seeks to enjoin the Defendants from taking, possessing, or selling the property in question. (*Id.*) Plaintiff also seeks recovery for economic damages, and an award for punitive and treble damages. (*Id.*)

In response to the Complaint, Defendant Peters-Ruddick filed a Motion to Dismiss[2] on January 28, 2010, arguing that she, as a public trustee, is not subject to most of the Plaintiff's claims brought against her and, otherwise, that Plaintiff has failed to state claims for relief under the UCC. (Docket #1-6.)

On February 2, 2010, the Plaintiff responded to the Defendant's Motion to Dismiss by arguing that, while the Defendant did have authority to act on behalf of the "holder" of the note, the Defendant has not properly verified that Co-Defendant Wells Fargo Bank is the holder of the note and, therefore, is not authorized to conduct a foreclosure sale on Wells Fargo's behalf. (Docket #1-7.)

Defendant replied to the Plaintiff's response on February 25, 2010, re-asserting the previous grounds for dismissal and claiming that the Court lacks subject matter jurisdiction under Fed. R. Civ.

---

[2]The within motion was filed in Arapahoe County but remained pending at the time of removal.

P. 12(b)(1) pursuant to the *Rooker-Feldman* doctrine. (*See* docket #16.) Defendant's claim under the *Rooker-Feldman* doctrine rests upon a ruling against the Plaintiff in Arapahoe County District Court rendered on November 22, 2009. (Docket #16-1, ex. 1.) Defendant argues that application of the *Rooker-Feldman* doctrine strips this Court of subject matter jurisdiction because the judge in the November 22 hearing, conducted according to Colorado Rule of Civil Procedure 120, authorized the foreclosure sale of Plaintiff's home. (Docket #16 at 5-7.) Specifically, Defendant argues that consideration of Plaintiff's claims would be an appellate review of a state court decision, which is barred by *Rooker-Feldman*. (*Id.*) Because this argument was raised for the first time in a reply brief, the Court allowed the Plaintiff to file a "surreply" on this issue alone. Plaintiff argues that any state court judgment would have remained pending when it was removed to federal District Court, making the *Rooker-Feldman* doctrine inapplicable. (Docket #37 at 2-3.)

## STANDARD OF REVIEW

**I.     Dismissal under Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause *at any stage* of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (emphasis in original). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of

jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear her claims. Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Id.*

## II.     Dismissal under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* *Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

## III.    Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not

4

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## ANALYSIS

I. **Lack of Subject Matter Jurisdiction**

On November 22, 2009, the Arapahoe County District Court authorized the foreclosure sale of Plaintiff's property pursuant to Rule 120 of the Colorado Rules of Civil Procedure. (Docket #16-1, ex. 1.) Defendant Peters-Ruddick argues that under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to consider Plaintiff's claims relating to the foreclosure of her home. (*See* docket #16.)

Under the *Rooker-Feldman* doctrine, federal district courts cannot consider claims that were actually decided and "inextricably intertwined" with a previous state-court judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923) (holding that lower federal courts may not hear claims actually decided by a state court); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983) (holding that if claims presented to a United States district court are inextricably intertwined with the state court's ruling then the federal court may not review the state court decision). When a plaintiff "seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield v. Countrywide Home Loans & Mortg. Elec. Registration Sys.*, 389 F.3d 1144, 1148 (10th Cir. 2004) (citing *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)), *overruled in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), *as recognized in Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir. 2008).

The *Rooker-Feldman* doctrine is a result of the negative inference of 28 U.S.C. 1257(a), which provides that "final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." *Id.* at 1147. *Crutchfield* explains that "if appellate review of state court judgments is vested in the United States Supreme Court, it follows that review is *not* vested in lower federal courts" and that the *Rooker-Feldman* doctrine "implicitly deprives lower federal courts of subject matter jurisdiction to entertain cases that would entail review of decisions rendered by state courts." *Id.* (emphasis in original).

However, "the statute granting the Supreme Court appellate jurisdiction over state-court judgments, 28 U.S.C. 1257, does not 'stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.

6

If a federal plaintiff presents some independent claim, *albeit one that denies a legal conclusion that a state court has reached* in a case to which he was a party, then there is jurisdiction.'" *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006) (quoting *Exxon*, 544 U.S. at 293) (emphasis in original). The *Rooker-Feldman* doctrine can only be applied in limited circumstances; namely in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284.

Plaintiff claims that Defendants violated various statutes because Wells Fargo Bank is not the actual holder of the adjustable rate mortgage note for her home. Defendant Peters-Ruddick asserts that the *Rooker-Feldman* doctrine prevents this Court from considering Plaintiff's claims against her because the Arapahoe County District Court authorized the foreclosure pursuant to Colorado Rule of Civil Procedure 120. (Docket #16 at 5-7.) Specifically, Defendant asserts that the Rule 120 order prevents this Court from considering Plaintiff's claims relating to the foreclosure of the property because any decision by this Court would amount to an appellate review of that court's decision. (*Id.*)

However, the Plaintiff does not ask this Court to overturn or review a state court judgment, as necessary for application of the *Rooker-Feldman* doctrine. "When the state-court judgment is not itself at issue, the [*Rooker-Feldman*] doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action." *Bolden*, 441 F.3d at 1139. "Appellate review – the type of judicial action barred by *Rooker-Feldman* – consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *Id.* at 1143. In contrast, when a federal district court

7

considers issues surrounding a previous state court judgment "without concerning itself with the bona fides of the prior judgment. . . it is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment." *Id.*

Here, the Court disagrees that *Rooker-Feldman* applies because consideration of Plaintiff's claims against Peters-Ruddick does not constitute an appellate review of the Rule 120 proceeding. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction." *Exxon*, 544 U.S. at 293. Plaintiff's complaint never asks this Court to determine whether the Arapahoe County District Court "reached its result in accordance with law" and, thus, is not "the type of judicial action barred by *Rooker-Feldman*." *Bolden*, 441 F.3d at 1143. Instead, Plaintiff asserts independent claims that, if proven, would contradict a legal conclusion reached by the Arapahoe County District Court in the Rule 120 hearing. Unless Plaintiff is seeking "to overturn the state-court judgment, *Rooker-Feldman* is inapplicable, regardless of whether a favorable judgment in federal court would be inconsistent with that judgment and would deny a legal conclusion that the state court has reached." *Id.* at 1145. In short, the fact that Plaintiff asks this Court to reach a contradictory conclusion to the one reached in the Rule 120 hearing does not trigger the application of *Rooker-Feldman*. That is, application of the *Rooker-Feldman* doctrine would be inappropriate because Plaintiff is not asking this Court to review and overturn a state court judgment, but rather, asserts claims for relief that are independent of the Rule 120 hearing itself.

The *Bolden* court notes "that 'general confusion' surrounds the *Rooker-Feldman* doctrine and that many. . . fail to distinguish it properly from res judicata doctrine." *Id.* at 1138. The *Bolden*

8

court provides a useful example:

> To illustrate, say a father was deprived of custody of his child by a state-court judgment. If he files suit in federal court, seeking to invalidate the state-court judgment on the ground that the state-court proceedings deprived him of due process or that the judgment was otherwise contrary to federal law, his suit would be barred by *Rooker-Feldman*; the suit usurps the Supreme Court's exclusive appellate jurisdiction because it seeks to set aside the judgment based on a review of the prior proceedings. If, however, the father simply brought suit in federal court seeking custody of his child, without raising any complaint about the state-court proceedings, *Rooker-Feldman* cannot be invoked; his federal claim would have been the same even in the absence of the state-court judgment.

*Id.* at 1145.

Here, Plaintiff's suit is akin to the second scenario provided by the *Bolden* court. Plaintiff's home was ordered to be sold pursuant to a state court proceeding, but, like the father in the second scenario, Plaintiff seeks to avoid the foreclosure of her home "without raising any complaint about the state-court proceedings." *Id.* In fact, the Plaintiff never mentions the state court proceedings in her complaint. (*See* docket 1-2.) Plaintiff's claims rest on the contention that Wells Fargo Bank is not the holder of the mortgage note, not on an assertion that the state court ruling was incorrect and should overturned. (*Id.*) Thus, Plaintiff's claims would be the same, "even in the absence of the state-court judgment." *Bolden*, 441 F.3d at 1145. Plaintiff does not attack the judgment itself and, therefore, *Rooker-Feldman* does not apply.

For example, the court in *Rousseau v. Bank of N.Y.*, No. 08-cv-00205, 2009 WL 3162153, at *1 (D. Colo. Sept. 29, 2009) (unpublished opinion), held that the *Rooker-Feldman* doctrine did not bar a plaintiff from bringing an FDCPA claim in federal court after the Arapahoe County District Court authorized the sale of the plaintiff's home. In that case, the court found a ruling in plaintiff's favor would have been contrary to the state court's decision, but "as pled," the plaintiff's claim was

9

not dependent on the state court's approval of the foreclosure. *Id.* at *4. Thus, the court held, "[p]laintiff does not attack the [state court] judgment itself, and therefore *Rooker-Feldman* does not deprive this Court of jurisdiction to hear the claim." *Id.*

Plaintiff never mentions the Rule 120 proceeding in her Complaint, does not attack the state court judgment, and does not ask this Court to review the Rule 120 proceeding. Plaintiff's claims would be the same even if there had never been a state court judgment authorizing the sale of her home. Accordingly, this Court recommends that Peters-Ruddick's motion be denied to the extent that it seeks dismissal for lack of subject matter jurisdiction.

**II.     Failure to State a Claim**

   A.     Uniform Commercial Code ("UCC")

Plaintiff claims generally that Defendants violated portions of the UCC because Defendant Wells Fargo Bank is not the actual "holder" of the mortgage note for Plaintiff's home. (Docket #1-2 at 17-20.) Specifically, Plaintiff claims that Defendant Peters-Ruddick does not have the ability to conduct a foreclosure sale because she has not verified that Defendant Wells Fargo Bank is the holder of the note "as required by the UCC." (Docket #1-2 at 17-20.) Defendant counters that "the Public Trustee is not a party to the adjustable rate note associated with the purchase of the Subject Property and there is no legal basis to assert that the Public Trustee has violated any provision of the UCC in relation to said adjustable rate note." (Docket #1-5 at 5.)

The Court agrees with Defendant. Claims made under the UCC are inapplicable to Peters-Ruddick because, as a public trustee, she is not a party to the mortgage note that is being foreclosed upon. A "party" under Colorado's version of the UCC is defined as "a person that has engaged in a transaction or made an agreement subject to this title." Colo. Rev. Stat. § 4-1-201(b)(25) (2010).

The purpose of the UCC is to govern certain transactions and agreements between parties. *See* Colo. Rev. Stat. § 4-1-103(a)(1)-(3). Defendant has not engaged in a transaction nor made an agreement relating to the mortgage note at issue. Defendant's only action in relation to the foreclosure of Plaintiff's home has been to carry out the statutory duties of a public trustee pursuant to Colorado statute. *See* Colo. Rev. Stat. § 38-38-105. Plaintiff does not claim that Defendant Peters-Ruddick was a party to the transaction or that Peters-Ruddick has made any agreements relating to the mortgage at issue in this case. Because Defendant is not a party to the transaction under the UCC, and Plaintiff does not allege such, Plaintiff's claim provides no legal basis for the assertion that Defendant Peters-Ruddick has violated any portion of the UCC in her role as a public trustee.

Plaintiff's primary claim against Defendant Peters-Ruddick is that she "fails to satisfy the legal requirements [to conduct a foreclosure sale] under Colorado law" by failing to know "for a certainty" that Wells Fargo Bank is the holder of the note. (Docket #1-7 at 2.) However, in Colorado, public trustee foreclosure sales are not primarily governed by the UCC. Instead, Article 38 Sections 37-38 of the Colorado Revised Statutes govern the method in which a public trustee conducts a foreclosure sale, and Colo. R. Civ. P. 120 outlines the way in which a court authorizes the public trustee to proceed with a foreclosure sale. In Colorado, a public trustee cannot conduct a foreclosure sale until a court authorizes the sale pursuant to Colo. R. Civ. P. 120. *See* Colo. Rev. Stat. § 38-38-105 (2010). In a Rule 120 proceeding, a court determines "whether there is a reasonable probability that such default or other circumstance has occurred, and whether an order authorizing sale is otherwise proper under said Service Member Civil Relief Act, and shall summarily grant or deny the motion in accordance with such determination." Colo. R. Civ. P. 120(d) (2009). "The scope of inquiry in a Rule 120 proceeding encompasses an inquiry into whether

11

the moving parties are the real parties in interest by virtue of their right to enforce the power of sale contained in the instrument in which the Rule 120 proceeding is based." *Goodwin v. Dist. Ct. for Sixteenth Jud. Dist.*, 779 P.2d 837, 843 (Colo. 1989). Thus, the Rule 120 court, not the public trustee, has the task of determining whether a party is the real party in interest. The public trustee simply carries out the foreclosure sale upon authorization of the Rule 120 court.

Thus, Plaintiff's claim that Defendant Peters-Ruddick was required to have known "for a certainty" that Wells Fargo was the holder of the note in order to act in accordance with Colorado law is incorrect. Colorado law requires Peters-Ruddick to conduct the foreclosure sale following a Rule 120 order authorizing it. *See* Colo. Rev. Stat. § 38-38-105. Here, a Rule 120 court authorized the foreclosure sale of Plaintiff's home on January 14, 2010, and Defendant proceeded with the process of conducting a foreclosure sale pursuant to Colo. Rev. Stat. § 38-38-105. (Docket #16-1, ex.1.) Accordingly, this Court recommends that the claim against Defendant Peters-Ruddick pursuant to the UCC be dismissed for failure to state a claim upon which relief may be granted.

B.  Fair Debt Collection Practices Act ("FDCPA")

Plaintiff also claims that Defendants are in violation of the FDCPA. Specifically, Plaintiff claims that, because Defendant Wells Fargo Bank has failed to verify that it is the holder of the mortgage note in question, both Defendants engaged in "fraudulent, deceptive, and/or misleading representations" that are actionable under the FDCPA. (Docket #1-2 at 21-23.)

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (2010). The FDCPA explicitly

12

exempts certain people and organizations from the definition of "debt collector" for the purposes of the statute. Among those exempted from being classified as a debt collector include, "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." *Id*. at § 1692(a)(6)(c). The term "State" includes "any State, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any political subdivision of any of the foregoing." *Id*. at § 1692(a)(8).

Defendant Peters-Ruddick is the Arapahoe County Public Trustee. In Colorado, county trustees are appointed by the Governor[3] and act as officers of the state. Colo. Rev. Stat. § 38-37-102(1) (2009). The official duties of the public trustee include conducting foreclosure sales for the "holder of the evidence of debt." *Id*. at § 38-38-101. Thus, Defendant Peters-Ruddick is exempted from being classified as a debt collector under the FDCPA because she is an officer of the State of Colorado and conducting foreclosure sales is part of her official duties.

Because Defendant Peters-Ruddick cannot be classified as a debt collector, there is no claim against her under the FDCPA upon which relief may be granted. Accordingly, the Court recommends that Defendant's Motion to Dismiss Plaintiff's FDCPA claim against Peters-Ruddick be granted.

      C.    "Deceptive Trade Practices Consumer Protection Act"

Plaintiff also claims that the Defendants engaged in false, misleading and deceptive acts which are actionable under the "Deceptive Trade Practices Consumer Protection Act." (Docket #1-2

---

[3] In counties other than those of the first or second class, the public trustee is the county treasurer. Colo. Rev. Stat. 38-37-102(2) (2009).

at 24-25.) The Plaintiff does not provide statutory reference to an act under that name, but construing her pleading liberally as I must, the Court will assume that the Deceptive Trade Practices Consumer Protection Act refers to the Colorado Consumer Protection Act ("CCPA"). *See* Colo. Rev. Stat. § 6-1-101 (2010). The Colorado State Attorney General and District Attorneys within the state judicial districts have concurrent responsibility for enforcement of the CCPA. *Id.* at § 6-1-103. There is, however, a private cause of action available under the CCPA upon a showing of five specific elements. *See Martinez v. Lewis*, 969 P.2d 213, 221 (Colo. 1998). Specifically, Plaintiff must show "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Id*.

Plaintiff fails to allege in her complaint that Defendant Peters-Ruddick, in her capacity as Arapahoe County Public Trustee, has engaged in any business activity or trade practice as defined in the CCPA. A public trustee conducting foreclosure sales is engaged in neither a business activity nor a trade practice. Further, the CCPA only provides a cause of action "against any person who has engaged in or caused another to engage in any deceptive trade practice listed in this article." Colo. Rev. Stat. § 6-1-113(1). Plaintiff does not allege that Defendant Peters-Ruddick engaged in a deceptive trade practice or that she caused Defendant Wells Fargo Bank to engage in such. Consequently, the Court recommends that any claim against Defendant Peter-Ruddick under the CCPA be dismissed for failure to state a claim upon which relief may be granted.

**CONCLUSION**

The Plaintiff fails to state claims upon which relief may be granted against Defendant Peters-Ruddick. Based on the foregoing, the Court RECOMMENDS that the District Court **GRANT** the Motion to Dismiss filed by Defendant Anna Maria Peters-Ruddick [filed January 28, 2010; docket #3] for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Dated at Denver, Colorado, this 14th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge