**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00302-REB-MEH

SHERRI LAFORCE,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

**ORDER LIFTING ADMINISTRATIVE CLOSURE
AND DENYING REQUEST FOR INJUNCTIVE RELIEF**

**Blackburn, J.**

The matter before me on the plaintiff's **Motion To Reopen Suit To Stop Unlawful Foreclosure** [#52][1] filed May 23, 2011.  I grant the motion in part and deny it in part.

Because the plaintiff is proceeding pro se, the court has construed her motion and the related filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991)  (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

This case concerns foreclosure proceedings against property owned by the plaintiff. After a settlement conference conducted on September 27, 2010, the parties agreed to close this case administratively.  *Minutes* [#50] filed September 27, 2010.  In a joint motion [#48] for administrative closure, the parties indicated that they wished to investigate the potential sale of the plaintiff's property and payoff of the defendant's security interest.  This case was closed administratively subject to reopening for good cause shown.

---

[1]  "[#52]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In her present motion, the plaintiff states that foreclosure proceedings have been reinstated by the defendant and that a foreclosure sale is scheduled for May 25, 2011.  On this basis, the plaintiff asks that this case be reopened.  The apparent failure of the parties' settlement efforts and the reinstatement of foreclosure proceedings constitutes good cause to reopen this case.

In her present motion, the plaintiff asks also that the court "send a minute order" to counsel for the defendant "in time to stop the foreclosure sale of her home." I read this request as a motion for a temporary restraining order restraining the foreclosure sale. I deny this request for relief.

A temporary restraining order is extraordinary relief.  A party seeking a temporary restraining order must show: (1) a substantial likelihood that the movant will prevail eventually on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (4) that the injunction, if issued, would not be adverse to the public interest.  **Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980); **Heideman v. S. Salt Lake City**, 348 F.3d 1182, 1189 (10th Cir. 2003) (irreparable injury must be imminent).  In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  FED. R. CIV. P. 65(b).

Even with the benefit of the munificent perspective afforded to *pro se* parties, I find and conclude that the plaintiff has not demonstrated with specific factual allegations (1) that she enjoys a substantial likelihood that she will prevail eventually on the merits; (2) that she will suffer imminent and irreparable injury unless the  temporary restraining order issues; and (3) that the temporary restraining order, if issued, would not be adverse to the public interest.

Finally, I note that the plaintiff has attached to her present motion a document titled "Amendment To Suit To Stop Unlawful Foreclosure" [#52-1].  The document appears to be a proposed amended complaint.  To the extent the plaintiff seeks leave to file an amended

complaint in her present motion, her motion is denied. The plaintiff may seek to file an amended complaint only if she files a separate motion to file an amended complaint, which motion satisfies the applicable requirements of FED. R. CIV. P. 15.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion To Reopen Suit To Stop Unlawful Foreclosure** [#52] filed May 23, 2011, is **GRANTED** in part;

2. That under **D.C.COLO.LCivR 41.2**, the clerk is **DIRECTED** to reopen this civil action;

3. That the plaintiff's **Motion To Reopen Suit To Stop Unlawful Foreclosure** [#52] filed May 23, 2011, is **DENIED** to the extent the plaintiff seeks relief in the nature of a temporary restraining order;

4. That the plaintiff's **Motion To Reopen Suit To Stop Unlawful Foreclosure** [#52] filed May 23, 2011, is **DENIED** to the extent the plaintiff seeks leave to file an amended complaint.

Dated May 25, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge