IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00302-REB-MEH

SHERRIE LA FORCE,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion to Amend Suit to Stop Unlawful Foreclosure [filed June 13, 2011; docket #54]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. The motion is fully briefed and oral argument will not assist the Court in its adjudication. For the reasons that follow, this Court recommends that the District Court **deny** or, in the alternative, **deny without prejudice** the Plaintiff's motion.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United*

**I.      Background**

This *pro se* action was removed from Arapahoe County District Court on February 12, 2010. In her original Complaint, Plaintiff alleges generally that Defendants Wells Fargo Bank and Public Trustee Ana Maria Peters-Ruddick do not have authority to foreclose on her property because, as she contends, it is not the actual holder of the original note and, therefore, is not entitled to collect on the debt. (*See* docket #1-3.) Plaintiff alleges violations of the Uniform Commercial Code ("UCC"), the Fair Debt Collection Practices Act ("FDCPA"), and the "Deceptive Trade Practices Consumer Protection Act." (Docket #1-2.) Plaintiff seeks to enjoin the Defendant from taking, possessing, or selling the property in question. (*Id.*) She also seeks recovery for economic damages, and an award for punitive and treble damages. (*Id.*)

Wells Fargo filed an Answer in response to the Complaint on February 18, 2010. (Docket #12). Just days later, on February 23, 2010, the Plaintiff tendered an Amended Complaint without obtaining the Defendant's consent or moving for leave to amend in contravention of Fed. R. Civ. P. 15(a). (*See* docket #15.) Accordingly, this Court issued a recommendation that the Amended Complaint be stricken. (Docket #23.) On September 20, 2010, the District Court adopted the recommendation and ordered that the tendered Amended Complaint be stricken. (Docket #45.) In the same order, Judge Blackburn affirmed this Court's recommendation to dismiss Plaintiff's claims against Ms. Peters-Ruddick. (*Id.*) Thus, the Plaintiff's original Complaint containing her claims against Defendant Wells Fargo Bank remains the operative pleading in this matter.

Meanwhile, at a September 24, 2010 hearing on Defendant's motion to compel, the parties came to an agreement to administratively close this case to investigate the potential sale of the

---

*States*, 950 F.2d 656, 659 (10th Cir. 1991).

subject property. (*See* docket #50.) However, on May 23, 2011, Judge Blackburn granted Plaintiff's request to reopen the case based upon her representation that foreclosure proceedings had been reinstated. (Docket #53.) At the same time, Judge Blackburn denied Plaintiff's attempt to amend her Complaint as in contravention to Fed. R. Civ. P. 15(a). The present motion followed on June 13, 2011.

Plaintiff contends that on January 28, 2011, Wells Fargo sent her a "Notice of Opportunity for Foreclosure Deferment," but rather than respond, the Plaintiff requested that Wells Fargo "provide documented proof as to their eligibility as the qualified owner/holder of Plaintiff's Note in regards to Securitization." (Motion, ¶ 7, docket #54.) Apparently, communications broke down between Plaintiff and Defendant. Wells Fargo set a Rule 120 hearing for April 18, 2011, but upon the Plaintiff's objections, the hearing was held May 16, 2011, at which the court ruled in favor of Wells Fargo. (*Id.*, ¶¶ 9-11.) Plaintiff asserts that, "[s]ince first filing her original complaint, the Plaintiff has done extensive research and has updated, significant and pertinent evidence to support her suit." (*Id.*, ¶ 12.) Plaintiff does not, however, identify the portions of her complaint that she wishes to amend.

A liberal comparison of the original 7-page Complaint and the proposed 34-page Amended Complaint reveals that Plaintiff apparently seeks to add claims for unjust enrichment, for fraud and conspiracy in violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, and for "defamation," which the Court construes as Plaintiff's claim for entitlement to quiet title, against Wells Fargo. (*Compare* docket #54-1 *with* docket #1-2.) Plaintiff's original claims for violations of the UCC, the FDCPA, and the "Deceptive Trade Practices Consumer Protection Act" remain intact. (*See id.*)

Wells Fargo objects to Plaintiff's request for leave to amend arguing that the claims asserted in the proposed Amended Complaint are "futile," and Plaintiff's "repeated attempts to amend her complaint are dilatory." (Response, docket #63.) Defendant claims that Plaintiff's proposed pleading is improperly based upon a misunderstanding of the nature of her loan. That is, according to Defendant, Plaintiff's allegations are copied from websites and outside pleadings found on the Internet that are directed at situations where mortgages have been transferred to a trust and securitized, or when foreclosure proceedings have been pursued by a trustee, nominee or servicer acting on behalf of another entity. (*Id.* at 2.) Defendant asserts that this case involves simply itself as holder of the Note through indorsements appearing on the Note, and a foreclosure that did not involve trusts, "REMIC" entities, or mortgage-backed securities. (*Id.*) Defendant also argues that, in seeking to amend her Complaint a third time, Plaintiff is unduly delaying the progress of this case.

Although given the opportunity to do so, the Plaintiff did not file a reply brief in support of her motion.

**II.     Legal Standards**

     A.     Motion to Amend

The present motion filed on June 13, 2011 was filed more than a year after the deadline for joinder of parties and amendment of pleadings set forth in the operative Scheduling Order. *See* docket #34. Because the motion in this case would require an amendment of the Scheduling Order, the Court employs a two-step analysis. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent

4

standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)) (discussing amendment of the scheduling order). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

If good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Rule 15 provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that it "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan,* 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182.

Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan,* 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182. In addition, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff

is using Rule 15 to make the complaint 'a moving target.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

Here, the Defendant argues not only that Plaintiff's motion is unduly delayed, but also that Plaintiff's proposed amended claims would be futile.  A futility analysis examines whether claims as alleged in the amended complaint would survive a motion to dismiss. *See Hawkinson v. Montoya*, 385 F. App'x 836, 840 (10th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Twombly* evaluation requires two prongs of analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

B.     *Pro se* Pleadings

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). Plaintiff retains the burden of alleging sufficient facts to support a claim for relief, because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

## III.  Discussion

In this matter, Defendant argues first that Plaintiff's proposed amended complaint will cause undue delay of this proceeding. In the alternative, Defendant contends that Plaintiff's proposed claims are futile, as they are subject to dismissal. The Court will address each argument in turn.

### A.  Undue Delay

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan,* 397 F.3d at 1315; *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether a plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993). Thus, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay [] raising [an] issue until the 'eve of trial.'" *Minter*, 451 F.3d at 1206 (citations omitted).

Denial of an amendment is also appropriate when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405,

416 (10th Cir. 1984)); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994) ("[t]he unexplained delay alone justifies the district court's discretionary decision."); *Federal Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.") (citations omitted).

This case originated on February 12, 2010. As set forth above, the deadline for amendment of pleadings was June 10, 2010. And, at the time this case was administratively closed on September 24, 2010, the discovery cutoff of September 15, 2010 had passed. Thus, the Plaintiff must explain her failure to timely amend, which may be excused only if due to oversight, inadvertence or excusable neglect. *Sil-Flo, Inc.*, 917 F.2d at 1519.

The Tenth Circuit has upheld a trial court's denial of leave to amend finding that a plaintiff's failure to explain an eight-month delay in moving to amend, emphasizing that the proposed amendment was not based on new evidence unavailable at the time of the original filing, constituted undue delay. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Here, the Plaintiff asserts that, "[s]ince first filing her original complaint, the Plaintiff has done extensive research and has updated, significant and pertinent evidence to support her suit." (Motion, ¶ 12.) Plaintiff does not explain her "research" nor identify the "updated, significant and pertinent evidence." (*See id.*) The proposed amended pleading references a "November 2010 Report of the Congressional Oversight Panel, 'Examining the Consequences of Mortgage Irregularities for Financial Stability and Foreclosure Mitigation,'" which was issued after this case was administratively closed. (Proposed Amended Complaint, ¶ 24, docket #54-1.) However, there are

no allegations in the amended pleading linking either the report or the examination with the Plaintiff's particular mortgage loan or the foreclosure on her property; in fact, the Plaintiff alleges that *after* receiving a notice from Wells Fargo concerning "foreclosure deferment" in January 2011, she notified the Defendant that if they did not provide proof of ownership of the note, she would report Wells Fargo to investigating agencies, including the Congressional Oversight Panel. (*Id.*, ¶¶ 16-18.)  Thus, it is unlikely that the either the November 2010 report or its underlying examination included the investigation of Plaintiff's mortgage loan or foreclosure proceedings.  Accordingly, the Court cannot see how such report or examination constitutes "new evidence" in this case.[2]  The Plaintiff mentions no other "new evidence unavailable at the time of filing the original complaint," and the Court is not obligated to sift through the 34-page proposed amended pleading to find support for the Plaintiff's motion.  *See Sec. & Exchange Comm'n v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992).

The Court notes that Plaintiff's amended allegations include a description of "new" events that have occurred regarding her mortgage loan and property, including new or "reinstated" foreclosure proceedings.  (Amended Complaint, ¶¶ 16-20.)  However, there is no indication in the Plaintiff's motion or her amended pleading that such new events serve as a basis for the newly proposed unjust enrichment, quiet title or RICO claims.  Rather, it appears that the new claims are based upon facts already known to the Plaintiff at the time she filed her original Complaint - namely, that a copy of the Promissory Note executed at the closing on Plaintiff's property contains

---

[2] In addition, Defendant contends (without opposition) that a significant portion of the proposed amended pleading is copied from various websites or from a Kentucky lawsuit that was voluntarily dismissed this year. (Response at 2-3 n.2 & 3.)  Again, there are no allegations linking the information taken from these sources to the Plaintiff's own mortgage loan or the foreclosure on her property.

endorsements to Wells Fargo that the Plaintiff claims are illegitimate and insufficient to prove Wells Fargo's ownership of the Note. *See* (Complaint, ¶ 20, docket #1-2.)

Consequently, the Plaintiff has failed to demonstrate oversight, inadvertence, or excusable neglect necessary to excuse the substantial delay in filing her motion to amend. The Court respectfully recommends that the District Court deny Plaintiff's motion as unduly delayed.

B.     Futility

In the alternative, Defendant argues that Plaintiff's amendments would be futile as the proposed claims are subject to dismissal. Defendant asserts that "much of the Amended Complaint would be subject to a motion to strike under Rule 12(f) as redundant, immaterial, or impertinent." Response at 3, docket #63. In addition, Defendant contends that (1) Plaintiff fails to state a claim under the Uniform Commercial Code ("UCC") because Wells Fargo is the holder of the Note; (2) Plaintiff fails to state a claim under the Fair Debt Collection Practices Act ("FDCPA") because Wells Fargo is not collecting a debt through its foreclosure of Plaintiff's property; (3) Plaintiff fails to allege the essential elements of an unjust enrichment claim and, even if she did, her theories upon which the claim is based are meritless; (4) assuming Plaintiff intends to state a claim pursuant to the Colorado Consumer Protection Act ("CCPA"), such claims must be pled with particularity pursuant to Fed. R. Civ. P. 9(b), but Plaintiff has failed to do so; (5) likewise, Plaintiff fails to state the essential elements of a RICO claim with particularity; and (6) Plaintiff's factual allegations do not establish that she is entitled to quiet title.

The Court first notes Wells Fargo's attempt to argue the futility under a Rule 12(b)(6) analysis of claims (for violations of the UCC, the FDCPA, and the "Deceptive Trade Practices Consumer Protection Act," construed as the CCPA) that became at issue in this case upon the

10

Defendant's Answer filed in February 2010. The FDCA and CCPA claims alleged in the proposed amended pleading are nearly identical to those raised in the original Complaint. *Compare* Amended Complaint, ¶¶ 168-173 *with* Complaint, ¶¶ 21-25. Thus, to the extent that Defendant wishes to argue the dismissal of these claims is proper, the Defendant must file the appropriate motion pursuant to Fed. R. Civ. P. 12(c) or 56.

With respect to the UCC claim, the allegations are stated somewhat differently in the proposed pleading than in the operative pleading, but the underlying factual basis is the same: Wells Fargo allegedly is not the legal holder of the Promissory Note underlying Plaintiff's mortgage loan. Plaintiff makes no argument as to why the amended allegations are necessary and/or proper for her litigation of the claims; thus, the Court cannot determine whether justice requires that they be granted.

In fact, the Court agrees with Wells Fargo that much of the Amended Complaint would likely be stricken pursuant to Fed. R. Civ. P. 12(f) or dismissed pursuant to Fed. R. Civ. 8 and/or 9(b). Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8; thus, in order for a plaintiff to state a claim in federal court, the "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492

F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff's proposed amended complaint fails to set forth a short and plain statement of her claims showing that she is entitled to relief.  Rather than asserting each of her new claims in a short and concise statement, Plaintiff has copied long excerpts from a report of a congressional oversight panel, from other websites and/or from other lawsuits and pasted them into the proposed pleading. In fact, many copied portions in the pleading are identical and, therefore, redundant, creating a morass of unintelligible and, likely, irrelevant allegations.  *Compare* Amended Complaint, ¶¶ 132-140 *with* ¶¶ 217-222.  It is neither a judicial function nor the Defendant's obligation to sift through a 34-page pleading to piece together claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

With her proposed pleading, Plaintiff fails to meet her responsibility to present her claims in a manageable format that informs and identifies for the Court and Wells Fargo what claims she asserts.  In failing to comply with Rule 8, Plaintiff certainly also fails to assert her allegations in compliance with Rule 9(b), which is necessary for those claims alleging fraud (RICO and CCPA). Therefore, to the extent that the District Court disagrees that Plaintiff's motion is unduly delayed, this Court recommends that the District Court deny the Plaintiff's motion without prejudice to allow the Plaintiff to re-file a proposed pleading that explains "what [the] defendant did to [ ] her; when the defendant did it; how the defendant's action harmed [ ] her; and, what specific legal right the plaintiff believes the defendant violated."

This Court also notes its concern that the federal court may not have subject-matter

jurisdiction over this case. Although not argued by the Defendant, the Court may raise a question of subject-matter jurisdiction on its own at any time during the litigation. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights"). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In addition, *Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of claims that are "inextricably intertwined with" issues that were ruled upon by a state court. *See Feldman*, 460 U.S. at 483 n.16. A federal claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id*.

To determine whether claims are inextricably intertwined, "the fundamental and appropriate

question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state-court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenman Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002), *overruled in part on other grounds by Lance v. Dennis*, 546 U.S. 459 (2006)). For example, the Tenth Circuit Court of Appeals has held that a claim that the state court proceedings were deficient is exactly the kind of claim that should be rejected as inextricably intertwined with the state court claims, because it necessarily seeks invalidation of a state court judgment. *Bergman v. LaCouture*, 218 F. App'x 749, 751 (10th Cir. 2007) (holding that plaintiff's attempt to overturn a state court judgment because she did not receive notice of the state court hearing was barred by *Rooker-Feldman*).

In her proposed pleading, the Plaintiff seems to allege that the actions taken by Wells Fargo in the foreclosure were illegal. Consequently, if this Court reads her allegations correctly, Plaintiff seeks an injunction from the Court quieting title in her favor, as well as recovery of economic and punitive damages for actions taken by Wells Fargo allegedly without authority, since it supposedly has not proven it is the legal holder of the subject Promissory Note. Thus, for Plaintiff's claims against Wells Fargo to stand, she must establish that Wells Fargo is not the legal holder of the mortgage Note. Clearly, if the Note is valid, Plaintiff would have no claims against Wells Fargo. It also appears that Plaintiff has not alleged that she did not default on the loan. Therefore, the premise of Plaintiff's claims seem to center on the validity of the Note, or Wells Fargo's standing to foreclose on the property. Because the assumed premise of Plaintiff's claims was likely

adjudicated by the state court, which authorized the sale of her house, granting Plaintiff the relief requested might require this Court to invalidate a state court judgment. Accordingly, these allegations, as well as the requested relief, may fall squarely within the scope of the *Rooker-Feldman* doctrine and preclude this Court from reviewing Plaintiff's claims.

Actually, it is unclear from Plaintiff's allegations whether the foreclosure proceedings against the Plaintiff have concluded. Federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal challenges. *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to the *Younger* Abstention Doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004). This Court must abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

Here, if the foreclosure proceedings are ongoing, this Court must likely abstain to allow the Plaintiff to bring her challenges in the proper forum. Thus, to the extent that the District Court permits the Plaintiff to re-file a proposed pleading, this Court recommends that the District Court instruct the Plaintiff as to these and any jurisdictional issues she must overcome to avoid dismissal

pursuant to Fed. R. Civ. P. 12(b)(1).

As for Defendant's arguments concerning the futility of each of Plaintiff's new claims, other than those raised pursuant to Fed. R. Civ. P. 8 and/or 9(b),[3] the Court finds such arguments better presented in a dispositive motion determining whether issues of fact exist, and not persuasive in this context.

**V.     Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Amend Suit to Stop Unlawful Foreclosure [filed June 13, 2011; docket #54] be **denied** as unduly delayed, or in the alternative, **denied without prejudice** with leave to re-file as set forth herein.

Respectfully submitted at Denver, Colorado this 10th day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3] Such arguments include whether Plaintiff's theories are factually "baseless" – that is, whether the loan was "securitized," whether the foreclosure involved trusts, REMIC entities, or mortgage-backed securities, and whether Wells Fargo is a "trustee" or "servicer" for the loan.