IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00302-REB-MEH

SHERRI LAFORCE,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      This matter comes before the Court *sua sponte*, due to Plaintiff's failure to appear at a Status Conference held in this case on March 12, 2012, and failure to respond to this Court's Order to Show Cause for her non-appearance. The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**.[1]

## I.      Background

      This *pro se* action was removed from Arapahoe County District Court on February 12, 2010.

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a <u>de</u> <u>novo</u> determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

In her original Complaint, Plaintiff alleges generally that Defendants Wells Fargo Bank and Public Trustee Ana Maria Peters-Ruddick do not have authority to foreclose on her property because, as she contends, the bank is not the actual holder of the original note and, therefore, is not entitled to collect on the debt. (*See* docket #1-3.) Plaintiff alleges violations of the Uniform Commercial Code ("UCC"), the Fair Debt Collection Practices Act ("FDCPA"), and the "Deceptive Trade Practices Consumer Protection Act." (Docket #1-2.) Plaintiff seeks to enjoin the Defendants from taking, possessing, or selling the property in question. (*Id.*) She also seeks recovery for economic damages, and an award for punitive and treble damages. (*Id.*)

Wells Fargo filed an Answer in response to the Complaint on February 18, 2010. (Docket #12). Just days later, on February 23, 2010, the Plaintiff tendered an Amended Complaint without obtaining the Defendant's consent or moving for leave to amend in contravention of Fed. R. Civ. P. 15(a). (*See* docket #15.) Accordingly, this Court issued a recommendation that the Amended Complaint be stricken. (Docket #23.) On September 20, 2010, the District Court adopted the recommendation and ordered that the tendered Amended Complaint be stricken. (Docket #45.) In the same order, Judge Blackburn affirmed this Court's recommendation to dismiss Plaintiff's claims against Ms. Peters-Ruddick. (*Id.*)

Meanwhile, at a September 24, 2010 hearing on the remaining Defendant's (Wells Fargo) motion to compel, the parties came to an agreement to administratively close this case to investigate the potential sale of the subject property. (*See* docket #50.) The case was administratively closed; however, on May 23, 2011, Judge Blackburn granted Plaintiff's request to reopen the case based upon her representation that foreclosure proceedings had been reinstated. (Docket #53.) At the same time, Judge Blackburn denied Plaintiff's attempt to amend her Complaint as in contravention to Fed. R. Civ. P. 15(a). (*Id.*) Plaintiff filed a motion to amend the Complaint on June 13, 2011,

and, after briefing, this Court recommended that the motion be denied. (Dockets #54 and 64.) Judge Blackburn agreed and denied Plaintiff's motion to amend (docket #66); thus, the Plaintiff's original Complaint containing her claims against Defendant Wells Fargo Bank remains the operative pleading in this matter.

On February 29, 2012, this Court set a Status Conference at the which the parties were to inform the Court of the status of discovery and set a final pretrial conference. (Docket #67.) Defendant appeared at the conference on March 12, 2012; however, the Plaintiff did not appear. Counsel for Defendant informed the Court that she has had no contact with the Plaintiff since last year. The record reflects that no mailings from the Court have been returned.

Following the Plaintiff's failure to appear on March 12, 2012, this Court issued an order to the Plaintiff to show cause why the Court should not recommend dismissal of the case for her failure to prosecute. The Court warned the Plaintiff that her failure to comply with the order might result in this Court's recommendation for dismissal of the case. Plaintiff's response was due on or before March 26, 2012; however, the Plaintiff did not respond.

## II.    Discussion

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence. Plaintiff was ordered to appear at the Status Conference and respond to an Order to Show Cause, but she failed to do so within the required time frame. Additionally, Plaintiff made no request for an extension of time within which to file her response. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has been long interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, 283 F. App'x 659, 662 n.2 (10th Cir. July 7, 2008) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

When evaluating grounds for dismissal of an action, the Court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to appear at the Status Conference adversely impacts the Defendant by preventing the Court from resolving any discovery issues, concluding discovery and delaying Defendant's ability to defend claims raised against it. As for the second factor, the necessity to issue an Order to Show Cause in this case increases the workload of the Court and interferes with the administration of justice. Similar to the Tenth Circuit's determination in *Ehrenhaus*, the Plaintiff's non-compliance here with the judicial process by failing to appear at

scheduled settings and failing to comply with the Court's orders flouts the Court's authority.

With respect to the third factor, the Court expressly ordered Plaintiff to appear at the Status Conference and respond to the Order to Show Cause. The record of Plaintiff's failures to respond and participate in the litigation leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the Court's Order to Show Cause requested Plaintiff's explanation to avoid this Court's recommendation for dismissal of this case for failure to prosecute. In fact, the Court admonished Plaintiff that failure to comply with the Order would likely result in a recommendation to dismiss the action. (Docket #69 at 3.) Thus, the fourth factor is satisfied.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by her failure to appear at the Status Conference and failure to respond to the Court's March 13, 2012 Order to Show Cause. For these reasons, dismissal of this action without prejudice is warranted.

## III. Conclusion

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I hereby RECOMMEND that the District Court dismiss this case without prejudice for Plaintiff's

failure to prosecute this action and for Plaintiff's failure to comply with the Court's orders.


Dated at Denver, Colorado, this 2nd day of April, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge